# In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 03-2345 & 03-2915

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CLARENCE HANKTON and
GREGORY DAVIS,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 1—**Charles R. Norgle, Sr.**, *Judge*.

SUBMITTED MAY 8, 2006—DECIDED SEPTEMBER 7, 2006

Before COFFEY, MANION, AND WILLIAMS, *Circuit Judges.*

COFFEY, *Circuit Judge.* In November of 2002, Clarence Hankton and Gregory Davis each pled guilty to possessing, with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).[1] At sentencing the government introduced a plethora of evidence concerning the drug and gang activities of both defendants, resulting in the district judge sentencing Hankton to a term of 300 months and Davis to 210 months. Both men appealed, *see United States*

---

[1] In the case of Hankton, cocaine base, commonly known as "crack" cocaine.

*v. Hankton*, 432 F.3d 799 (7th Cir. 2005), and while we affirmed each of their sentences, we remanded their cases to the district court in accordance with *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005). The district judge in replying to the remand stated that he would have given Hankton and Davis the same sentences he had imposed previously in spite of the newly determined advisory nature of the Guidelines. *United States v. Hankton and Davis*, No. 01-CR-1 (April 21, 2006); *see United States v. Booker*, 125 S.Ct. 738, 757 (2005). We invited each of the defendants respectively to file briefs concerning the reasonableness of the sentences, however, only Davis and the government responded. After review of the their arguments,[2] we conclude that the sentences of each of the defendants-appellants' are reasonable. *See United States v. Newsome*, 428 F.3d 685, 686 (7th Cir. 2005); *Paladino*, 401 F.3d 484.

Our review of a district judge's sentencing determination is deferential, and we refuse to substitute our judgment for that of the sentencing judge when dealing with the question of what sentence should have been imposed upon a defendant. *See United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005). In addition, a sentence that is imposed within a properly calculated Guidelines range is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). An appellant may rebut the presumption of reasonableness by demonstrating that his sentence would be unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a), such as the "need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[s]; (B) to afford adequate deterrence to criminal conduct; (C) to protect the

---

[2]  All except for Hankton who did not respond.

public from further crimes of the defendant[s]; and (D) to provide the defendant[s] with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* (citing *Booker*, 543 U.S. at 766).

## I. REASONABLENESS OF HANKTON'S SENTENCE

In our disposition of Hankton's direct appeal, we concluded that the sentencing judge applied the proper Guideline range in calculating Hankton's sentence, *see Hankton*, 432 F.3d at 790-97, and accordingly the sentence imposed is considered presumptively reasonable. *See Hankton*, 432 F.3d at 789-97; *Mykytiuk*, 415 F.3d at 608. Hankton declined our invitation to delineate why the sentence he received was unreasonable when measured against the § 3553(a) factors. Indeed, the trial judge referred to a number of the factors enumerated in § 3553(a) as integral to his decision not to alter Hankton's previously imposed sentence,[3] *i.e.*, even after considering those factors, he stated he would have given Hankton the same sentence had he understood the Guidelines to be advisory.

Thus, since the sentencing judge has advised us that he would have imposed the same sentence post-*Booker*, and due to the fact that Hankton has failed to rebut the presumption that his sentence is reasonable, he has failed to establish plain error. *See id.* (citing *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997)).

---

[3] Specifically, the trial judge noted Hankton's top position as the "King of Kings" in "a violent Chicago street gang heavily involved in the purchase and sale of cocaine." This, the judge reasoned, warranted a 300-month sentence in order to "reflect the seriousness of Hankton's crimes, promote respect for the law, and protect the public from future crimes [by] Hankton."

**II.  REASONABLENESS OF DAVIS'S SENTENCE**

Unlike Hankton, Davis has responded to our invitation to explain his argument as to why he contends his sentence is unreasonable. In his brief, Davis presents a number of claims, all of which are without merit.

Davis initially avers that the district court "misunderstood its authority under *Booker*." He attempts to support his bold and unsubstantiated assertion by citing the sentencing judge's statement that he failed to "overcome the rebuttable presumption that his sentence is reasonable." However, this court specifically held in *United States v. Mykytiuk*, that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." 415 F.3d at 608. It is interesting to note that the sentencing judge properly cited *Mykytiuk* in reaching his conclusion that Davis had neither established that his sentence had been improperly calculated nor that the presumption of reasonableness had been overcome. It is clear that the district court's analysis was directly in line with our holding in *Mykytiuk*. *See id*.

Davis attempts to bolster his argument, arguing that *Mykytiuk* should not be considered binding on a sentencing court, stating that, in *Mykytiuk* "this court only decided that a Guidelines sentence is presumed to meet the appellate standard for review for reasonableness." However, the presumption that a correctly calculated Guidelines sentence is reasonable not only applies to the appellate standard of reasonableness review, but also serves as a benchmark for trial judges in evaluating whether or not a Guidelines sentence is appropriate. It is only when the defendant provides cogent reasons for a non-Guidelines sentence under 18 U.S.C. § 3553(a) that a sentencing judge need consider such a sentence. *See Dean*, 414 F.3d 729-30.

Next, Davis claims that the district court "refused to consider [his] argument that the 18 U.S.C. § 3553[(a)] factors support a sentence outside the career offender

Guideline range." We disagree. Even a cursory review of the sentencing judge's order on remand, and the findings therein, reveals that the court thoroughly considered the § 3553(a) factors and, in fact, did more than was required of him under the circumstances. *See United States v. Hankton*, No. 01-CR-1, at *8-9 (N.D. Ill. Apr. 21, 2006); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005) (stating that: "Judges need not rehearse on the record all of the considerations that 18 U.S.C. 3553(a) lists; it is enough to calculate the range accurately and explain why . . . the defendant deserves more or less."). What's more, to the extent that Davis's argument is nothing more than a collateral attack on his sentence, it fails; for we previously affirmed the validity of his sentence under the Guidelines over a year ago. *See Hankton*, 432 F.3d at 789-96.

In an equally unpersuasive argument, Davis avers that the district court "incorrectly found that it lacked the authority to impose a non-Guidelines sentence on the basis of the disparity between sentences for crack and powder cocaine." As an initial matter, we note that Davis intentionally misinterprets the district court's order of remand when he states that the court "found that it lacked authority to impose a non-Guidelines sentence." Instead of concluding that it lacked authority to consider a non-Guidelines sentence, the district court—relying on our decision in *United States v. Gipson*, 425 F.3d 335, (7th Cir. 2005), considered and rejected Davis's arguments as "unavailing." In addition, to the extent that Davis argues either that the sentencing judge erred in calculating his sentencing range or should have given him a non-Guidelines sentence based on the sentencing disparity between powder and crack cocaine, this argument has been barred by this court's recent decision in *United States v. Miller*, 450 F.3d 270, 274-76 (7th Cir. 2006). In *Miller* we held that a district judge is required to abide by the 100-to-1 crack cocaine to cocaine powder ratio when applying the Sentencing Guide-

lines to a defendant's conduct. *Id.* at 275; (following *United States v. Pho*, 433 F.3d 53 (1st Cir. 2006); *United States v. Eura*, 440 F.3d 625 (4th Cir. 2006)). In other words, this court made clear in *Miller* that a sentencing judge may not recalculate a Guidelines sentence or impose a lesser, non-Guidelines sentence based on his opinion that the statutory and/or Guidelines disparity between punishments for crack cocaine and powder cocaine is unjust or unwarranted. *See id.* at 276 (holding that: "A sentence within a properly ascertained range . . . cannot be treated as unreasonable by reference to 3553(a)(6)"). Accordingly, Davis's argument must fail, for Judge Norgle acted in anticipation of and furthermore in accordance with *Miller* when he categorically refused to consider Davis's argument in favor a non-Guidelines sentence based solely on the disparity between crack cocaine and cocaine powder in the Guidelines.[4]

In a final attempt to challenge his sentence as imposed, Davis states that the district court should have issued a non-Guidelines sentence based on the factors enumerated in 3553(a).[5] The main thrust of Davis's argument concern

---

[4] In a tag-along argument, Davis claims that the district court incorrectly "relied on plea agreements from some of Davis' former co-defendants to support its finding that Davis was responsible for between 50 and 100 grams of crack cocaine and that he was the manager or supervisor of a criminal activity." In our decision in Davis's direct appeal we addressed precisely this argument and held that the plea agreements, along with the plethora of other evidence establishing guilt adduced at sentencing were enough to support the sentence the court imposed on Davis. *See Hankton*, 435 F.3d 792-93. The district judge's decision not to re-visit this issue was proper and we decline Davis's invitation to do so here.

[5] As part of his argument, Davis advances the ridiculous notion that the district judge, by applying the rebuttable presumption in *Mykytiuk*, considered the Guidelines to be mandatory.
(continued...)

ing 3553(a) is that the district court's sentencing determination should be found unreasonable due to the fact that his crimes were "the result of his addiction to marijuana and alcohol." The problem is that mere evidence of a pre-existing drug and alcohol addiction, without more, falls far short of rendering a properly calculated Guidelines sentence unreasonable. Were this not the case, multitudes of criminal defendants who had either used or abused drugs and alcohol and who failed to receive a reduction in sentence under the Guidelines could and would in all probability challenge his sentence as unreasonable on those grounds alone. This most assuredly is not what the Congress had in mind when they passed 18 U.S.C. § 3553(a). The same can be said for Davis's other § 3553(a) arguments as well. He claims he was, at times, "responsible, held legitimate employment, . . . tried to help his friends and family . . . [and] was a good father when he was able to be there for his children." These arguments likewise do nothing to overcome the fact that Davis stands convicted of a most serious criminal drug offense. As the sentencing judge noted, "Davis attained the rank of 'Sultan Supreme' in the [Mickey Cobras gang], and participated heavily in the purchase and sale of crack cocaine." We agree with the district court's conclusion that Davis's sentence properly "reflects the seriousness of [his] offense, promotes respect for the law, and protects the public from further crimes."

---

[5] (...continued)
Suffice it to say, the district court did no such thing. Also, while we see no reason to expound on our holding in *Mykytiuk*, we dismiss out of hand Davis's assertion in his brief that *Mykytiuk* "sends the message that a sentence within the Guidelines will never be reversed . . . ." Our holding in *Mykytiuk* implies no such thing. A "rebuttable presumption" is just that, "rebuttable."

### III. CONCLUSION

In light of the fact that the sentencing judge stated that he would have imposed the same sentence post-*Booker* and because we are of the opinion that Hankton's and Davis's sentences are reasonable, we hold that each of the defendants has failed to establish plain error. *See id.* (citing *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). We AFFIRM the judgment of the district court as to each of the defendants-appellants.

A true Copy:

       Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*