UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

October 11, 2006

**Before**

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-1586

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the |
| | Eastern District of Wisconsin |
| *v.* | |
| | No. 01-CR-148 |
| ELLIS LEE JORDAN, | |
| *Defendant-Appellant*. | J.P. Stadtmueller, |
| | *Judge*. |

**O R D E R**

Ellis Lee Jordan was sentenced to 180 months in prison following his guilty plea to narcotics-related offenses in violation of 21 U.S.C. § 846. He appealed, and ultimately the United States Supreme Court remanded his case to us for our consideration in light of United States v. Booker, 543 U.S. 220 (2005). On May 19, 2005, we issued an order directing the district court to inform us, pursuant to United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), whether Jordan's sentence would have been different had it been known at the time that the United States Sentencing Guidelines were advisory, rather than mandatory. The judge has now informed us that the sentence would have been the same. We then invited the parties to file statements of the appropriate disposition of the appeal. Jordan has filed a document setting out his reasons for believing that the sentence is unreasonable.

Jordan first discusses our decision in United States v. Mykytiuk, 415 F.3d 606 (7th Cir. 2005), in which we decided that a sentence within the guideline range is entitled to a rebuttable presumption of reasonableness. We found that "[t]he defendant can rebut this presumption only

by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in § 3553(a)" of Title 18 of the United State Code. Jordan calls our attention to decisions from other courts of appeals which refuse to recognize any such presumption. United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006); United States v. Fernandez, 443 F.3d 19 (2nd Cir. 2006); United States v. Cooper, 437 F.3d 324 (3rd Cir. 2006); United States v. Winters, 416 F.3d 856 (8th Cir. 2005). He also notes decisions from our court which, he says, show uncertainty as to how the presumption works. See United States v. Demaree, 459 F.3d 791 (2006), and United States v. Hankton, ___ F.3d ___ , 2006 WL 2567519 (7th Cir. Sept. 7, 2006). Jordan raises these issues to preserve them for possible review by the United States Supreme Court.

For our current purposes, we will adhere to Mykytiuk and consider whether Jordan's sentence is reasonable in light of the § 3553(a) factors. In that regard, he contends that those factors show that a lesser sentence is required.

First, he notes that his sentence was based in part on the large amount of cocaine involved in the drug conspiracy of which he was a part, and his continued participation in the criminal activity even after he was convicted for related state offenses. He says consideration of those factors would be reasonable under § 3553(a) if his sentence were not already so long. Furthermore, he contends that mitigating circumstances exist in his case. He was 52 years old when he was sentenced; he had a "gambling problem" which may have contributed to his offense. He claims to have been a good provider for his family, and he says he was steadily employed, in legitimate occupations, for a long period of time. In addition, he points out that even though the government did not move for a downward departure based on his substantial assistance, his assistance to the government supports his claim that his sentence should be lowered. He argues that a sentence of 120 months would be sufficient to further the statutory goal of reflecting the seriousness of the offense, promoting respect for the law, providing punishment for the offense, and deterring criminal conduct by others.

We believe that the experienced district judge has adequately considered the § 3553(a) factors. He is not required to list them (though in this case he did quote the factors to be considered), but rather to "discuss the application of the statutory factors to the defendant not in checklist fashion but instead in the form of an adequate statement of the judge's reasons . . . for thinking the sentence that he has selected is indeed appropriate for the particular defendant." United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005). The judge noted that although Jordan's criminal history put him at level I, he nevertheless had a prior drug-related conviction that was not counted because it was considered part of his federal offense. From that, the judge concluded that Jordan had not learned from his previous experiences running afoul of the law. Furthermore, even though the conspiracy of which Jordan was a part was responsible for over 300 kilograms of cocaine, Jordan was held accountable for less--from 50 to 150 kilograms. We cannot find that his sentence is unreasonable.

Accordingly, the sentence imposed on Ellis Lee Jordan is AFFIRMED.