UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 9, 2006
Decided December 15, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2323

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *v.* | No. 05 CR 137 |
| CLIFFORD K. LAWSON, JR., *Defendant-Appellant.* | Robert L. Miller, Jr., *Chief Judge.* |

**O R D E R**

Clifford Lawson, a previously convicted child molester, pleaded guilty to being a felon in possession of three firearms. The district court considered the 18 U.S.C. § 3553(a) factors and sentenced Lawson at the low end of the sentencing guidelines range. On appeal, Lawson challenges the sentence, arguing that the judge did not give adequate consideration to the § 3553(a) factors and imposed a sentence longer than necessary to achieve the goals of § 3553(a). We affirm.

Lawson pleaded guilty without a written plea agreement to two counts of possessing firearms as a felon under 18 U.S.C. §§ 922(g)(1) and to one count of possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5841,

5845, 5861(d) and 5871. The weapons were seized after police responded to a 911 call from one of Lawson's friends, reporting that Lawson made suicidal threats and had a sawed-off shotgun.

Prior to sentencing, Lawson filed a sentencing memorandum in which he requested a sentence without prison time, in light of his advancing age (52), family obligations, and limited criminal history. At the ensuing hearing, he emphasized that a guidelines sentence was greater than necessary to protect the public or reflect the seriousness of the crime; he explained that he was the primary caretaker of his mother, was unlikely to commit another offense because of his age, had a successful and extensive work history, posed little danger to society because he kept his weapons in his home, and had a limited criminal history, including only one conviction thirteen years earlier.

The court then adopted the probation officer's guidelines computation, and sentenced Lawson to 46 months in prison—the low end of the advisory range. Among the factors noted by the court were Lawson's prior conviction for child molestation, his possession of multiple firearms off and on for more than 10 years, and the threats Lawson made against police and the friends who had made the 911 call. Further, the court doubted that Lawson's excuses for his possession of the weapons were truthful and found that he presented a "modest rather than minimal" threat to the public.

On appeal, Lawson argues that his sentence is unreasonable because the district court relied too heavily upon the guidelines range to provide the "best indication of the seriousness of the offense" and the "need to promote respect for law." Lawson contends that, because of its reliance on the guidelines for these factors, the court conducted a "sham analysis" of the 18 U.S.C. § 3553 factors and improperly "used the guidelines as justification for the various purposes of sentencing set forth in § 3553."

Lawson's sentence falls within the properly calculated guidelines range and is therefore presumed reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Indeed, we have also stated that the proper guidelines range may serve as a benchmark for trial judges. *United States v. Hankton*, 463 F.3d 626, 629 (7th Cir. 2006); *United States v. Wurzinger*, 467 F.3d 649, 650-51 (7th Cir. 2006). Although the Supreme Court recently granted a writ of certiorari to consider whether according a presumption of reasonableness to within-guidelines sentences is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W 3246 (U.S. Nov. 3, 2006) (No. 06-5754), the resolution of that case would not affect our conclusion that the district court arrived at a reasonable sentence after meaningful consideration of the sentencing factors in 18 U.S.C. § 3553(a). *See*

*United States v. Laufle*, 433 F.3d 981, 988 (7th Cir. 2006). The district court thoroughly explained the considerations relevant to its sentencing decision, including Lawson's criminal history, *see* § 3553(a)(1), the ongoing nature of his offense, *see* §§ 3553(a)(1), (a)(2)(A), Lawson's threats after the police seized his guns, *see* § 3553(a)(2)(A), and its conclusion that Lawson posed a danger to the public, *see* § 3553(a)(2)(C). The court rejected Lawson's request for a shorter sentence because he was his mother's caretaker, based on the guidelines' admonition that "family ties and responsibilities are not ordinarily relevant" in imposing a sentence below the guidelines range. U.S.S.G. § 5H1.6. And Lawson's arguments regarding a lower recidivism rate based on his age and family obligations did not *compel* the district court to impose a sentence below the guidelines range, *see Wurzinger*, 467 F.3d at 653.

AFFIRMED.