In the

# United States Court of Appeals
## For the Seventh Circuit

No. 07-1215

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM ROSS III,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 CR 689-20—**Joan B. Gottschall**, *Judge.*

ARGUED AUGUST 7, 2007—DECIDED SEPTEMBER 11, 2007

Before BAUER, KANNE, and ROVNER, *Circuit Judges.*

PER CURIAM. William Ross challenges his 78-month sentence for his role in a conspiracy to possess and distribute cocaine and marijuana. *See* 21 U.S.C. §§ 846, 841(a)(1). Because it appears from the record that the district court improperly applied a presumption of reasonableness for a within-guidelines sentence, we vacate the sentence and remand for resentencing.

Ross, along with 16 codefendants, was indicted for a drug conspiracy that began in 1995 and lasted until 2003. Two days before trial he pleaded guilty to the conspiracy charge (a second count was dropped, although the parties insist that there was no bargain). At the change-of-plea

hearing, the district court explained to Ross that it would apply the guidelines to his case and calculate "a range of months within which I am supposed to sentence you." The court added: "I do have the power to give you a different sentence, but I need some kind of good reason to do it. Otherwise I have to give you the guideline sentence."

Before sentencing Ross sought to take advantage of the "safety valve," *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a), and met with government agents to explain his role in the conspiracy. During that interview Ross admitted that seven times between 1995 and 1997 he received drugs from his confederates; one transaction involved about 20 pounds of marijuana and others a kilogram or more of cocaine. But after that, he said, he had no more contact with other members of the conspiracy until 2002, when he called one of his confederates to inquire about the price of cocaine but did not obtain any.

At sentencing the parties agreed that Ross's truthfulness during this safety-valve interview made him eligible for a sentence below the statutory minimum. They also agreed that the appropriate guidelines imprisonment range was 78 to 97 months. Ross argued that the district court should sentence him below this range based on his disclosures to the government and his short-lived involvement in the drug conspiracy. According to the probation officer, Ross had maintained steady, legitimate employment at a McDonald's, a car wash, and his own ultimately unsuccessful businesses once he stopped dealing drugs with his confederates. For its part, the government asked the court to sentence Ross within the guidelines range, arguing that his cooperation already was accounted for by the safety valve and stressing the significant quantity of cocaine and marijuana he received.

When announcing the sentence, the district court noted that it could not see "any reason why the guideline sen-

tence isn't appropriate in this case." Justifying the sentence imposed, the court stated:

> The fact that I may think that the harm that's done by a sentence like this in terms of Mr. Ross' family members and his children may be greater than is necessary to deal with the drug problem, that doesn't matter, because it isn't my judgment that rules on that. It's Congress' judgment. All I can do is accept that we're dealing with a regime which punishes people very severely for dealing drugs, there were a lot of drugs in this case, and give Mr. Ross the lowest sentence that's possible in recognition of the fact that he's tried to work legitimately, to the extent he's been able to do that, that he's got a very close family, that he's got kids, that he's done right by them, and there all those good factors in this case, and I have taken them into consideration.

The court sentenced Ross to 78 months' imprisonment, the bottom of the guidelines range.

On appeal Ross argues that the district court erroneously deemed the guidelines to be binding. According to Ross, the court thought it could not impose a sentence below the guidelines imprisonment range even after concluding that a lower sentence would be more appropriate. In our view, however, Ross's characterization of the district court's position goes too far. The guidelines of course still "serve as a necessary starting point" in the sentencing court's deliberations, but they are advisory, not mandatory. *United States v. Jointer*, 457 F.3d 682, 686 (7th Cir. 2006); *see also United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005). It would be a stretch for us to conclude that a district court would not know— some two years after the decision in *United States v. Booker*, 543 U.S. 220 (2005)—that the sentencing guidelines are not binding. We are confident, then, that the

district court recognized its discretion to select a sentence—within or outside the guidelines range—in light of the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Ngatia*, 477 F.3d 496, 501 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 730-31 (7th Cir. 2005) ("[T]he guidelines, being advisory, can be trumped by section 3553(a), which as we have stressed is mandatory."). Indeed, contrary to Ross's contention, the district court explicitly acknowledged its power to impose a sentence outside the guidelines range.

But Ross's argument points to a more subtle error. He suggests that the district court, in settling on 78 months, erroneously presumed that a within-guidelines sentence was appropriate instead of a fashioning a sentence with reference to the § 3553(a) factors. That approach was endorsed in *United States v. Wurzinger*, 467 F.3d 649, 650-51 (7th Cir. 2006), and *United States v. Hankton*, 463 F.3d 626, 629 (7th Cir. 2006), but rejected in several other decisions from this court, *see United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006); *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006); *United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005). The Supreme Court has now answered the question definitively, holding in *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007), that the presumption of reasonableness applicable when *reviewing* a within-guidelines sentence on appeal does not carry over to the *choice* of sentence by the district court. Ross, though, was sentenced before *Rita* was decided, and before we explicitly recognized that *Rita* resolved the apparent tension in our own cases. *See United States v. Wachowiak*, No. 06-1643, 2007 U.S. App. LEXIS 18234, *12-14 (7th Cir. Aug. 1, 2007).

Although the sentencing court's language is ambiguous, we are constrained to conclude that the court applied a

presumption that Ross should be sentenced within the guidelines range. We acknowledge that the court did discuss several § 3553(a) factors when sentencing Ross, including the "big for-sale quantities" of cocaine and marijuana involved in his offense, his cooperation with the government, his relationship with his family, and his work history. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). The court also gave recognition to the legislative "regime which punishes people very severely for dealing drugs," which was proper. *See United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006) (prohibiting sentencing courts from selecting sentence based on their belief that law is misguided).

But despite this apparent weighing of § 3553(a) factors, the district court nevertheless told Ross that it could not sentence him below the guidelines range unless he "presented some kind of good reason" to do so. Even while expressing concern that a guidelines sentence was too harsh in light of Ross's familial situation and work history, the court said that it must acquiesce to "Congress' judgment" and sentenced Ross to the bottom of the guidelines range, which was, in the court's opinion, the "lowest sentence that's possible." The guidelines provide that a defendant's family ties and employment record "are not ordinarily relevant," U.S.S.G. §§ 5H1.5, 5H1.6, but consideration of these characteristics is not strictly prohibited, especially since *Booker* has increased a district court's discretion to fashion a sentence according to § 3553(a). *See United States v. Repking*, 467 F.3d 1091, 1095 (7th Cir. 2006); *United States v. Wallace*, 458 F.3d 606, 608-09, 613 (7th Cir. 2006); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). The district court was wrong to conclude that the "lowest sentence possible" was the bottom of the guidelines range; if it legitimately concluded that Ross's personal characteristics warranted something lower, it was free to sentence Ross below the guidelines

range. *See* 18 U.S.C. § 3553(a)(1). The court might have meant to convey a different thought, but throughout the sentencing hearing it suggested that a within-guidelines sentence was presumptively appropriate and that Ross's arguments for leniency were just not sufficient to overcome that presumption. On remand, the district court may choose to re-impose the 78-month sentence, even in light of the § 3553(a) factors—after all, there was a significant amount of cocaine and marijuana involved in this case. *See United States v. Orozco-Vasquez*, 469 F.3d 1101, 1109 (7th Cir. 2006) (affirming above-guidelines sentence based on large quantity of drugs involved in offense). But we must insure that the sentence is appropriate based on "the actual reasons given, not on whether the sentence could have been supported by a different rationale." *Wallace*, 458 F.3d at 609.

Accordingly, we VACATE the sentence and REMAND for resentencing.

A true Copy:

       Teste:

 

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*