NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 14, 2007
Decided January 9, 2008

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1929

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee,*<br><br>  *v.*<br><br>JOHN LULA,<br>  *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:05cr0145AS<br><br>Allen Sharp,<br>*Judge.* |

**O R D E R**

John Lula challenges his sentence of 33 months in prison for possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). He argues that the district court presumed that a sentence within the guidelines range was the appropriate sentence. We agree with that contention and thus vacate his sentence and remand for resentencing.

Lula's conviction stems from an argument with a neighbor over a borrowed tree trimmer. When the argument escalated, Lula entered his house and returned moments later with what the neighbor believed was a gun. The neighbor called police, but Lula vanished before they arrived. The police, though, discovered Lula was a felon and notified federal agents, who secured a search warrant for his residence and recovered a loaded gun and ammunition. Lula confessed to agents

that it was his gun and ammunition.  He was not arrested that day but later was charged under § 922(g).

A jury found Lula guilty on that charge.  At sentencing the district court expressed confusion as to its role in sentencing after *United States v. Booker*, 543 U.S. 220 (2005).  The judge opined that our decisions are "hard to follow; they're hard to reconcile at times, but they are there—they're a little like Mount Rushmore—and it is hard to divine in a sentence or even a paragraph definitive rules out of those decisions."  The court went on, explaining that *United States v. Nitch*, 477 F.3d 933 (7th Cir. 2007), "revisited the process that we have to go through and re-enunciated the rebuttable presumption regarding the following of the Guidelines."  The court added: "There's an awful lot of cases that talk about the remaining rebuttable presumption when using the Guidelines.  I don't think I'm at liberty yet to discard those cases, as much as I might want to on some occasions."  The court next calculated a guidelines imprisonment range of 33 to 41 months, and acknowledged its obligation to consider the factors outlined in 18 U.S.C. § 3553(a).  Finally, before announcing its 33-month sentence, the court stated, "I have looked at all of the cases in which there have been sentences below the Guidelines that were reversed," and "I cannot escape the responsibility of this Court, consistent with the law in this circuit, to impose the minimum sentence under the Guidelines."

Lula argues that the district court, as evidenced by the quoted statements, thought it was bound by a rebuttable presumption that a within-guidelines sentence is the appropriate sentence.  A district court may not employ a presumption that a sentence within the guidelines range is reasonable.  *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007).  Only an appellate court may apply that presumption.  *Id.*; *United States v. Ross*, 501 F.3d 851, 853 (7th Cir. 2007).  At sentencing, there is no "thumb on the scale in favor of a guidelines sentence." *United States v. Wachowiak,* 496 F.3d 744, 749 (7th Cir. 2007).  In *Wachowiak*, we recognized that *Rita* "validated our observation . . . that the sentencing judge is not required—or indeed permitted—to presume that a sentence within the guidelines range is the correct sentence."  *Id.* (internal citation and quotation marks omitted).  The guidelines serve as a starting point for the district court, and it must calculate the guidelines range correctly, but a sentence must be based on the factors in § 3553(a) without any presumption favoring a term within the range.  *United States v. Sachsenmaier*, 491 F.3d 680, 684 (7th Cir. 2007).

In this case we are not confident that the district court understood the limited role of the presumption of reasonableness.  The government asserts that the district court's language is ambiguous, and, true enough, it is difficult to glean from the transcript just what the court thought the law requires.  But we reject the government's contention that a "mere error" about the scope of the presumption

should not require reversal. We have held previously that the proper remedy when a district court has presumed that a term within the guidelines range was the appropriate sentence is to vacate and remand for resentencing. *See Ross,* 501 F.3d at 854.

The district court did not have the benefit of *Rita* or *Ross* when it sentenced Lula. In *Ross* we acknowledged that our prior cases did not always define the presumption as an *appellate* presumption, *see id.* at 853, and that lack of consistency may have tripped up the district court. But the fact remains that the district court said it could not "escape the responsibility" of giving a guidelines sentence.

Accordingly, we VACATE the sentence and REMAND for resentencing.