# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 27, 2008

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

Nos. 06-2678 & 06-2893

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District Court for the Northern District |
| *Plaintiff-Appellee*, | of Illinois, Eastern Division. |
| *v.* | No. 05 CR 81 |
| CHRISTOPHER MILLET, | James B. Moran, |
| *Defendant-Appellant.* | *Judge*. |

**O R D E R**

On consideration of the petition for rehearing filed by Plaintiff-Appellant on January 24, 2008, the members of the original panel have voted to amend the opinion issued December 14, 2007 as follows and to deny the petition for rehearing in all other respects.

On page 20 of the slip opinion, line 13, the sentence, "The district court satisfied each of these requirements" is deleted.

On page 20, line 20, the word "rightly" is deleted.

On page 20, the words "an offense level of thirty and a criminal history category of" are deleted.

On page 21, after the conclusion of the only paragraph on the page, the following two paragraphs are inserted:

We close this discussion with one observation. The district court concluded that Millet's physical and mental impairments, as well as his familial circumstances, did not warrant a departure under the Guidelines. It is true that the Guidelines suggest that these

considerations are not ordinarily relevant.  *See* U.S.S.G. §§ 5H1.3, 5K2.13 (mental conditions not ordinarily relevant in determining whether departure warranted unless defendant suffered from "significantly reduced mental capacity"); U.S.S.G. § 5H1.4 (physical condition not ordinarily relevant unless "extraordinary" physical impairment); U.S.S.G. § 5H1.6 (family ties and responsibilities not ordinarily relevant).  A district court may consider these circumstances, however, when it exercises its discretion in imposing a sentence in accordance with § 3553(a).  *See United States v. Ross*, 501 F.3d 851, 854 (7th Cir. 2007) (stating that although guidelines provide that a defendant's family ties and employment record are not ordinarily relevant, consideration of these characteristics is not strictly prohibited); *United States v. Long*, 425 F.3d 482, 488 (7th Cir. 2005) ("Freed from the mandatory nature of [the Guidelines], the court will be free to consider the factors outlined in 18 U.S.C. § 3553(a), including those that were specifically prohibited by the guidelines and those that are not constitutionally prohibited such as race or sex."); *see also Kimbrough v. United States*, 128 S. Ct. 558, 576 (2007) ("We hold that, under *Booker*, the cocaine Guidelines, like all other Guidelines, are advisory only, and that the Court of Appeals erred in holding the crack/powder disparity effectively mandatory."); *United States v. Carter*, No. 06-2412, 2008 WL 2466662, at *12 (7th Cir. June 19, 2008).

In this case, it is unclear whether the district court believed it had the authority to consider Millet's physical impairments, mental impairments, and familial circumstances when determining the sentence it thought appropriate under § 3553(a).  After these considerations had been raised, the district court responded: "But under the Guidelines, I don't see how I can use those as a basis for a downward departure . . . . I got to do what the guidelines tell me."  These comments suggest the district court may not have believed it could consider these factors.  As we will discuss next, this case will be remanded for the district court to make a determination of drug quantity.  On remand, the district court should also consider whether it would sentence Millet differently knowing that it could consider Millet's physical impairments, mental impairments, and familial circumstances.  If so, it should resentence him accordingly.

No member of the court in regular active service has called for a vote on the petition for hearing en banc.*  Therefore, other than as provided for in this order, the petition for rehearing is denied.

*Circuit Judge Flaum took no part in the consideration of this petition for rehearing.