**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued May 27, 2008
Decided July 31, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-1987

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Eastern District of Wisconsin, |
| *Plaintiff-Appellee,* | |
| *v.* | No. 06 CR 255 |
| NORMA R. SMITH, | Rudolph T. Randa, *Chief Judge.* |
| *Defendant-Appellant.* | |

**ORDER**

Norma R. Smith pled guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341. Neither Smith nor the government objected to the Pre-Sentence Investigation Report's ("PSR") recommended guidelines range of 21 to 27 months' imprisonment, and the district court adopted this recommendation as the appropriate range. The court sentenced Smith to 27 months, the top of the range and Smith appeals.

   Smith was the representative payee for Social Security disability benefits for two of her children.  On more than two dozen occasions, Smith falsely reported to the Social Security Administration ("SSA") that she had not received benefit checks for her beneficiaries.  Each time, the SSA mailed Smith a replacement check.  Each time, Smith cashed both the original and the replacement checks, receiving twice the benefits due.  She was charged with five counts of mail fraud and one count of making false statements.  She pled guilty to one of the mail fraud counts and the government moved to dismiss the remaining counts.  The PSR detailed Smith's rather extensive criminal history.  Smith had multiple convictions for, among other things, retail theft, issuing worthless checks, resisting or obstructing an officer, and identity theft.  Smith's crimes spanned the State of Wisconsin and seemed to be limited only by the availability of interstate roads in proximity to her targets.  Although her first conviction occurred in 1988 when she was twenty-one years old, it was not until 1996 that she apparently hit her stride, with convictions accumulating rapidly from the age of twenty-nine onward.  All in all, she accumulated twenty-five criminal history points, twelve more than were needed to place her in Criminal History Category VI, the highest category a person may achieve under the guidelines.

   In sentencing Smith, the court noted that there were no objections to the guidelines calculation and commented that the court "has to take the factors in 3553 to decide or determine whether or not there is a basis for departing either upward or downward from those guidelines." Sent. Tr. at 3.  The government argued for a sentence at the top of the range, in light of Smith's extensive criminal history.  Defense counsel argued for a sentence at the bottom of the guideline range, asking that the term run concurrently with a sentence Smith was serving in the state penitentiary for fraud.  In sentencing Smith, the court made several comments that are relevant to the appeal and so we repeat them here.  First the court commented on the guidelines:

> As indicated, the Court has to consider the sentencing guidelines.  It has done so.  The sentencing guidelines are considered, if the Court sentences within the guidelines range, presumptively reasonable.  The Court has found no reason to disagree with the range of sentence established by the sentencing guidelines.  But it also, having done that, has to look at the factors under 3553, which asks the Court to impose a sentence not more than necessary to achieve the objectives of this Section.

Sent. Tr. at 13-14.  After noting the factors it was obliged to consider under section 3553(a), the court continued:

> And in looking at the characteristics here, and the factors here, the Court can go up above the guidelines or below the guidelines now, as long as its sentence is reasonable.

Sent. Tr. at 14. The court commented on the extensive nature of Smith's criminal history, accumulating nearly twice the number of points needed to reach criminal history category VI. The court noted that Smith has not been deterred in the past by the "minimal sentences" she had received for other crimes, and that she had no significant work history. The court also observed that Smith had some supportive family members, had suffered abuse at the hands of her life partners, and took care of two of her adult, disabled children. The court then sentenced Smith to twenty-seven months' imprisonment, the top of the range, to run consecutively to the state sentence she was then serving. The court concluded:

> And the Court would not be unreasonable and could fashion an analysis that, as . . . the Government has argued, go beyond what the sentencing guidelines call for.

Sent. Tr. at 16-17.

Smith's attorney originally filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he could not discern a non-frivolous ground on which to appeal. We denied that motion in a November 20, 2007 Order, because we were concerned that the district court, without the benefit of the Supreme Court's opinion in *Rita v. United States*, 127 S. Ct. 2456 (2007), may have applied a presumption of reasonableness to the guidelines when sentencing Smith. In *Rita,* the Supreme Court ruled that the presumption of reasonableness applied only on appellate review. 127 S. Ct. at 2465. We asked Smith's counsel to brief whether the district court's statement that the guidelines "are considered, if the Court sentences within the guideline range, presumptively reasonable," indicated an improper application of the presumption in the district court. Counsel has done so, and has the thanks of the court for his vigorous advocacy on behalf of his client.

Whether the district court followed the proper procedure in imposing a sentence is a question of law that we review *de novo*. *United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007). We note first that the district court's statement, taken alone, is ambiguous; although the court stated that the guidelines were "considered" presumptively reasonable, it did not indicate whether the district court or the court of

appeals was doing the "considering." In context, we believe the district court did not apply the presumption in determining Smith's sentence. Without the benefit of *Rita*, the court's choice of words hinted of a greater deference to the guidelines than is warranted. However, the court correctly recognized the breadth of its discretion to sentence outside of the guidelines range, and adequately considered the section 3553(a) factors at issue. The court acknowledged that it should not impose a sentence that was greater than necessary to achieve the purposes of section 3553, regardless of whether the sentence fell within the guidelines range. All of this was appropriate in the wake of *Rita* and *Gall v. United States*, 128 S. Ct. 586 (2007). The court focused heavily on the extent of Smith's criminal history and how she seemed impervious to more lenient sentences. After considering the relevant section 3553(a) factors, the court then dispensed as severe a sentence as was suggested by the guidelines range, imposing the uppermost term and ordering the sentence to be served consecutively to the state sentence. The court noted that it would not be unreasonable, in light of Smith's criminal history and in light of her recidivism in the face of lenient sentences, to go above the guidelines range. Thus, to the extent the court thought itself constrained by a presumption of reasonableness, the constraint ran in Smith's favor.

Smith's case is distinguishable from *United States v. Schmitt*, 495 F.3d 860 (7th Cir. 2007). In *Schmitt*, we vacated and remanded for re-sentencing because the district judge's comments indicated that he felt "there was an outside constraint on his discretion that he was not free to set aside." 495 F.3d at 865. The judge gave the guidelines considerable weight because Schmitt's crime involved child pornography, and the judge believed that Congress had "spoken in unmistakable terms" that prevented him from deviating from the advisory guidelines." *Id*. We noted that it would be unobjectionable "if the judge had said only that, in light of the discretion he now possesses under *Booker* and *Rita*, he was electing to impose a guideline sentence in this particular case unless the defendant could persuade him otherwise." *Schmitt*, 495 F.3d at 865. Instead, the judge's comments indicated that he "placed a 'thumb on the scale favoring a guideline sentence.'" *Id*. (quoting *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007)). We have no similar concern here, where the judge's comments signaled an awareness of the scope of his discretion to sentence outside the guidelines. None of the court's language suggest that the court felt itself bound by the guideline range. In effect, the judge here elected to impose a guideline sentence unless Smith could persuade him otherwise. She failed to do so.

Smith also relies on the Sixth Circuit's opinion in *United States v. Wilms*, 495 F.3d 277 (6th Cir. 2007), and our decision in *United States v. Ross*, 501 F.3d 851 (7th Cir. 2007),

but we find those cases distinguishable as well. In *Wilms*, the district court required the defendant to "overcome the presumption of reasonableness with respect to the sentencing guidelines in this case." 495 F.3d at 281. The Sixth Circuit commented that a mere mention of the reasonableness standard or an acknowledgement by the district court that the court of appeals will apply a presumption of reasonableness would not render the sentencing procedure defective, but the district court had gone much farther than that. 495 F.3d at 281. The district court itself applied the presumption, in violation of the Supreme Court's holding in *Rita*. Similarly, in *Ross*, the district court, without the benefit of *Rita*, assumed it was constrained by the guidelines unless the defendant presented a "good reason" to go outside the range. 501 F.3d at 852-53. The district court stated that even the lowest end of the guidelines range went farther than was necessary to meet the goals of sentencing, but that Congress's judgment took precedence over the court's judgment in fashioning an appropriate sentence. *Id*. In both of those cases, the courts' comments clearly indicated that the courts felt cabined by the guidelines and misapprehended the level of discretion they possessed to set an appropriate sentence. We have no similar indication here. The mere mention of the presumption of reasonableness did not, in context, indicate that the district court was itself applying that presumption. And in Smith's case, the court expressly acknowledged its obligation to impose a sentence no greater than was necessary to achieve the goals of section 3553.

The court's comments at sentencing firmly indicate that the court followed appropriate sentencing procedures. Even if the court had not strictly complied with *Rita* and *Gall*, a remand would be futile (or worse) for Smith. Smith argued for a sentence at the low end of the guidelines; the government argued for a sentence near the top; and the court hinted a willingness to go above the range. No one argued for a sentence below the guidelines. Under *Gall*, the guidelines "should be the starting point and the initial benchmark" in setting a sentence. 128 S. Ct. at 596. The district court must then make an "individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597. Reading the record as a whole, we believe the court complied with *Gall*. Because the sentencing record makes clear that any misapprehension about the presumption did not affect the court's sentencing decision, we deny Smith's request to vacate her sentence and remand. *See United States v. White*, 519 F.3d 342, 349 (7th Cir. 2008) (declining to remand to consider the guidelines disparity between crack and powder cocaine where the district court clearly indicated it would impose the same sentence in the absence of the guidelines); *United States v. Dale*, 498 F.3d 604, 611 n.6 (7th Cir. 2007) (finding no error where a court used pre-*Booker* terminology in sentencing the defendant because there was no reason to believe the use of that language made a

substantive difference in setting the sentence).  The judgment of the district court is therefore AFFIRMED.

WILLIAMS, *Circuit Judge*, dissenting.

Because I would remand this case for resentencing, I respectfully dissent.  After the sentencing hearing in this case, the Supreme Court made clear in *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007), that the presumption of reasonableness applies only on appellate review.  And post-*Rita*, we have consistently remanded for resentencing when we were concerned that the district court presumed a within-guidelines sentence to be reasonable or placed too much weight on the guidelines.  *See United States v. Griffin*, 493 F.3d 856, 868 (7th Cir. 2007); *United States v. Ross*, 501 F.3d 851, 854 (7th Cir. 2007); *United States v. Schmitt*, 495 F.3d 860, 865 (7th Cir. 2007); *cf. United States v. Mendoza*, 510 F.3d 749, 754-55 (7th Cir. 2007).  Following those cases, I would do the same here.

As the majority recounts, the district court stated at the sentencing hearing:

As indicated, the Court has to consider the sentencing guidelines.  It has done so.  *The sentencing guidelines are considered, if the Court sentences within the range, presumptively reasonable.*  The Court has found no reason to disagree with the range established by the sentencing guidelines.

(Emphasis added.)

Viewed in context, I don't take the statement in this case that the guidelines "are considered" presumptively reasonable to be a comment on the appellate standard of review.  The district court had just stated that it had to consider the guidelines and that it had done so, and it then stated after the "presumptively reasonable" statement that it found no reason to disagree with the guidelines range.  I don't think there is any reason to believe that the district court, out of the blue, would suddenly interject a comment about the appellate standard of review in the middle of its own analysis of Smith's case.  Moreover, the district court indicated at other points in the hearing that the role of the

district court was to craft a "reasonable" sentence, further suggesting to me that when it spoke of the presumption of reasonableness, it was referring to a district court-level presumption. *See* Sent. Tr. at 3, 14 ("And keeping in mind that any sentence that the Court renders has to be reasonable . . ."; "And in looking at the characteristics here, and the factors, here, the Court can go up above the guidelines or below the guidelines now, as long as its sentence is reasonable . . . .").

Because we now know that the district court could not apply a presumption of reasonableness to a guidelines-range sentence post-*Booker*, to me, it makes the most sense to ask the district court what it would do absent the erroneous presumption. There is little cost to doing so–the judge could still apply the same factors and arrive at the same sentence, which we all agree is a reasonable one. But there is a definite gain to a remand: we would ensure that Smith received a proper sentence under the correct law.

Moreover, although the district court surely knew that the guidelines range was advisory given that the sentencing occurred more than two years after *Booker*, that does not imply that it did not apply a presumption of reasonableness to those guidelines. After all, the sentencing hearing took place before the Supreme Court's definitive pronouncement in *Rita,* and our cases had not been entirely clear on the issue. *See United States v. Wachowiak*, 496 F.3d 744, 749 n.3 (7th Cir. 2007) ("To the extent some of our cases have suggested that the appellate presumption of reasonableness for within-guidelines sentences also applies as a 'benchmark' or 'presumption' in the district court, *United States v. Hankton*, 463 F.3d 626, 629 (7th Cir. 2006); *United States v. Wurzinger*, 467 F.3d 649, 650-51 (7th Cir. 2006), that suggestion has been displaced by *Rita*."). But that lack of clarity in our own case law is just one more reason why, it seems to me, we cannot be sure that the district court sentenced Smith without applying a presumption that a guidelines sentence was reasonable.

And if the district court did apply a presumption of reasonableness, the presumption only ran in Smith's favor if the district court would have independently determined that a range of 21 to 27 months was appropriate in this case. We do not know whether that was the case here, and the only way for us to find out is to remand. Of course there is a danger that upon remand Smith might receive a sentence higher than the one she initially received, but that is a risk her counsel assured us that she is knowingly and willingly accepting. I think the proper course is to remand this case to the district court.