ORDER
Willie Brown Parks pleaded guilty to three counts of a four-count indictment for possessing crack cocaine with intent to distribute, see 21 U.S.C. § 841(a)(1), (b)(1)(B) (“Count I”); possessing a firearm in the furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c)(1)(A) (“Count II”); and being a felon in possession of a firearm, see 18 U.S.C. §§ 922(g), 924(a)(2) (“Count IV”). The district court sentenced Parks to 240 months’ imprisonment. Parks filed a notice of appeal, but his appointed counsel cannot identify any nonfrivolous arguments and has moved to withdraw. See Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Parks declined our invitation to respond to counsel’s submission, see Cir R. 51(b), so we limit our review to the potential issues raised in counsel’s facially adequate brief. See United States v. Schtih, 289 F.3d 968, 973-74 (7th Cir.2002).
At sentencing, the district court determined that Parks was responsible for 77 grams of crack cocaine, which resulted in a base offense level .of 30 for both Counts I and IV, see U.S.S.G. § 2Dl.l(c)(5). The court applied a six-level increase because Parks assaulted a joolice officer during an attempt to flee arrest, see id. § 3A1.2(c)(1), and a three-level reduction for Parks’ acceptance of responsibility, see id. § 3El.l(b). This resulted in a total offense level of 33. With Parks’ criminal history category of IV, the guidelines range was 188-235 months, and the district court sentenced Parks to 180 months for Count I and the statutory maximum of 120 months for Count IV, see 18 U.S.C. § 924(a)(2), to run concurrently. The court also sentenced Parks to 60 months for Count II to run consecutively with these sentences. See U.S.S.G. § 2K2.4(b); 18 U.S.C. § 924(c)(1)(A).
Counsel evaluates one argument: whether Parks could argue that the 180-month sentence for Count I, though below the appropriately calculated guidelines range, was unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a). Although the guidelines are advisory, sentencing judges must consider the factors enumerated in § 3553(a). See United States v. Booker, 543 U.S. 220, 245, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); United States v. Ross, 501 F.3d 851, 853 (7th Cir.2007). Counsel does not challenge the guidelines range determined by the district court, but considers whether the sentencing judge may not have adequately accounted for Parks’ troubled childhood, his relative youth, and his chances of rehabilitation.
As counsel acknowledges, however, the court mentioned these factors in determining Parks’ sentence. Though sentencing *109 courts must address the § 3553(a) factors, they need not explicitly articulate conclusions for each factor. See United States v. Rhodes, 552 F.3d 624, 627 (7th Cir.2009). Even so, the sentencing judge explicitly considered the § 3553(a) factors at sentencing, noting that, while Parks was only 24 years old at sentencing, he was already a recidivist whose juvenile record began at the age of seven. Further, the court stated that any mitigating effect of Park’s youth and troubled background had to be balanced against his continuing pattern of criminal conduct and the interest of protecting the public. Airy aigument that the district court failed to properly consider the § 3553(a) factors would be frivolous.
Accordingly, we GRANT counsel’s motion to withdraw and DISMISS Parks’ appeal.