NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued December 12, 2012
Decided December 17, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3565

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff–Appellee,* <br><br> v. <br><br> SERGIO ENRIQUEZ-GIL, <br>     *Defendant–Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 10 CR 1061 <br><br> Gary S. Feinerman, <br> *Judge.* |

**O R D E R**

Sergio Enriquez-Gil, a Mexican citizen, pleaded guilty to being present in the United States without permission after having been deported. 8 U.S.C. § 1326(a). The district court imposed a within-guidelines sentence of 46 months. Enriquez-Gil now contends that the sentence is unreasonable and longer than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Because Enriquez-Gil's sentence is reasonable, we affirm the judgment.

Enriquez-Gil was first deported in February 2010. In September 2011, immigration officials learned that he had returned to the United States when he was arrested in Cook County, Illinois, and charged with aggravated driving while under the influence of alcohol. 625 ILCS 5/11-501(d). (Officers had stopped him for driving erratically and not wearing a

seatbelt.) He pleaded guilty in state court and was sentenced to 60 days' imprisonment. Enriquez-Gil was then charged in federal court with being present in the United States without permission, 18 U.S.C. § 1326(a), to which he pleaded guilty. At the change of plea hearing, Enriquez-Gil admitted that he had first entered the country, illegally, around 1998. In 2003 he was convicted of aggravated battery for stabbing someone and sentenced to 54 months' imprisonment. After serving that time, Enriquez-Gil was deported; he returned shortly thereafter.

The parties agreed that Enriquez-Gil's total offense level was 21, based on a base offense level of 8, *see* U.S.S.G. § 2L1.2(a), a 16-level increase because Enriquez-Gil was previously removed after a conviction for a crime of violence, *see id.* § 2L1.2(b)(1)(A)(ii), and a 3-level reduction for acceptance of responsibility, *see id.* § 3E1.1. His criminal-history category was III, and the resulting guidelines range was 46 to 57 months' imprisonment. The government retained its discretion to recommend any within-guidelines sentence, and the PSR recommended a 46-month sentence with three years of supervised release. Enriquez-Gil, however, objected to the PSR, arguing that the criminal-history category overstated his prior criminal conduct, and requested that the court impose a sentence of 12 to 18 months.

The district court accepted the parties' sentencing recommendation from the plea agreement and imposed a sentence of 46 months, the bottom of the guidelines range. The court explained, touching on each factor in 18 U.S.C. § 3553(a), that Enriquez-Gil's offense had strained immigration authorities and displayed his disrespect for the law; his aggravated battery conviction was serious; Enriquez-Gil and other deportees need to be deterred; and the public needs protection from Enriquez-Gil's violence.

On appeal Enriquez-Gil asserts that the district court improperly applied the factors in 18 U.S.C. § 3553(a), placing too much weight on his prior convictions and deportation. He insists that the court impermissibly "triple-counted" his aggravated-battery conviction when determining his sentence—"to form the basis of the instant offense," in applying the 16-level increase, and in his criminal-history calculation. He also contends that a below-guidelines sentence would meet the sentencing goals of § 3553(a)(2) and that the 46-month sentence is thus unreasonable.

A sentence within a properly calculated guidelines range is presumed reasonable on appeal, *Rita v. United States*, 551 U.S. 338, 351 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010), and the defendant has the burden to rebut this presumption, *United States v. Marin-Castano*, 688 F.3d 899, 902 (7th Cir. 2012). A sentencing judge must weigh the factors in § 3553(a) when determining an appropriate sentence but has considerable

discretion to decide how much weight to give to each factor. *United States v. Reibel*, 688 F.3d 868, 872 (7th Cir. 2012); *United States v. Busara*, 551 F.3d 669, 674 (7th Cir. 2008).

Enriquez-Gil has not shown that the district court placed undue reliance on his criminal history when calculating his sentence. The court several times mentioned his criminal history but never suggested that it was more important than any other § 3553(a) factor. The court also thoroughly discussed each applicable aggravating and mitigating factor. *See United States v. Chapman*, 694 F.3d 908, 913–14 (7th Cir. 2012) (discussing sentencing court's obligation to consider only meritorious mitigation arguments). For example, the district judge noted that Enriquez-Gil was young when he stabbed the victim, has assimilated to American culture since his return, and feels remorse for his crimes. But the judge did not believe that those factors outweighed how severely Enriquez-Gil had stabbed the victim, his cultural assimilation only after he returned illegally, and his persistent disrespect for the law.

That the court imposed a sentence at the bottom of the guidelines range further belies Enriquez-Gil's characterization of the court's reasoning—had the court believed that Enriquez-Gil's criminal history mattered more than anything else, it likely would have imposed a higher within-guidelines sentence (or even a sentence above the guidelines). *See, e.g.*, *United States v. Johnson*, 612 F.3d 889, 896–97 (7th Cir. 2010) (discussing how sentencing judges may depart from guidelines sentence based on criminal history, so long as they properly explain and support decision). But even if Enriquez-Gil is correct that the court heavily weighed his criminal-history, the court did so without undue emphasis, thus acting within its discretion. *See Reibel*, 688 F.3d at 872; *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008) (affirming above-guidelines sentence while noting sentencing judge's "considerable discretion to individualize the sentence to the offense and offender as long as the judge's reasoning is consistent with § 3553(a)") (internal quotation marks omitted).

Nor did the sentencing court improperly count Enriquez-Gil's aggravated battery conviction multiple times. Multiple-counting refers to using the same conduct more than once to increase a defendant's guidelines sentencing range; it does not apply to a sentencing judge's consideration of a conviction when weighing the factors in § 3553(a), as Enriquez-Gil appears to argue. *See United States v. Vizcarra*, 668 F.3d 516, 519–20 (7th Cir. 2012). Enriquez-Gil also wrongly asserts that the court counted his conviction (in the first of three ways) "to form the basis of the instant offense." He seems to say that it was improper to consider his aggravated-battery conviction because he would not have been deported (and thus would not have unlawfully returned) but for that conviction. But the basis of his offense for this conviction is his unlawful presence in the United States after he was deported; the 16-level increase applies based on the reason for his deportation (the

stabbing) and is explicitly written into U.S.S.G. § 2L1.2(b)(1). In any case, multiple-counting is a structural feature of guidelines sentencing and is permissible unless a specific guideline expressly prohibits it. *See United States v. Hill*, 683 F.3d 867, 870 (7th Cir. 2012); *Vizcarra*, 668 F.3d at 519. Not only does U.S.S.G. § 2L1.2(b)(1) not forbid multiple-counting, the guideline specifically *permits* it. *See* U.S.S.G. § 2L1.2 cmt. n.6 ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History).").

Last, the sentencing court did not abuse its discretion by concluding that a within-guidelines sentence, rather than something lower, was appropriate. The court discussed Enriquez-Gil's letters of remorse and sympathized with his desire to stay in the United States. The court explicitly decided, however, that a within-guidelines sentence was appropriate to communicate the severity of Enriquez-Gil's actions and deter him from unlawfully returning again. And although Enriquez-Gil cites cases where we affirmed below-guidelines sentences as being no longer than necessary, *see United States v. Wachowiak*, 496 F.3d 744, 754–55 (7th Cir. 2007), *abrogated on other grounds by Nelson v. United States*, 555 U.S. 350 (2009); *United States v. Baker*, 445 F.3d 987, 992–93 (7th Cir. 2006), he cites none that *reversed* a sentencing court's within-guidelines sentence for being longer than necessary.

As a final note, Enriquez-Gil cites three cases purportedly in support of his argument that the sentencing court improperly applied the factors in § 3553(a). *United States v. Carter*, 530 F.3d 565 (7th Cir. 2008); *United States v. Ross*, 501 F.3d 851 (7th Cir. 2007); *United States v. Schmitt*, 495 F.3d 860 (7th Cir. 2007). He specifies neither how these cases are similar to his nor how they help his argument; nonetheless they are distinguishable. We remanded for resentencing in all three cases: in *Carter* because the district court placed dispositive weight on the guidelines themselves, rather than considering them as one factor under § 3553(a), *Carter*, 530 F.3d at 577–78; in *Ross* because the district court erroneously *presumed* the within-guidelines sentence was reasonable regardless of any other factor, *Ross*, 501 F.3d at 853–54; and in *Schmitt* because the district court presumed the guidelines were *mandatory*, *Schmitt*, 495 F.3d at 864–65. There is no evidence in the transcripts here suggesting that the sentencing court applied any incorrect presumption or failed to consider any applicable statutory factor in making its determination.

AFFIRMED.