NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 22, 2007
Decided September 24, 2007

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-3060

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division |
| *v.* | No. 05 CR 50008-2 |
| JULIANE BANG, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

Juliane Bang ran a prostitution business under the guise of a massage spa. She appeals her 18-month prison sentence for conspiring to use interstate facilities to aid a racketeering enterprise and conspiring to commit money laundering. Bang argues that the district judge was unaware of his discretion to impose a sentence outside of the guidelines' range and failed to consider the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a). Because the district court freely chose the sentence after meaningfully considering the § 3553(a) factors, and because Bang's sentence is reasonable, we affirm it.

Bang owned and operated the Osaka Spa in Rockford, Illinois from October 2004 until February 27, 2005. She told a United States probation officer that when she purchased the spa she thought it was a legitimate massage therapy business, but, after taking title, she discovered that it was actually a front for prostitution.

Bang says she tried various tactics to make the business legitimate, including shutting down the spa at times, seeking a buyer, and attempting to recruit actual massage therapists. Nevertheless, she continued to run the Osaka Spa, knowing that her employees were selling sex, because she needed the money.

Bang pleaded guilty to two counts: conspiring to use interstate facilities to aid a racketeering enterprise, in violation of 18 U.S.C. §§ 371 and 1952(a), and conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h). Because the two counts caused essentially the same harm, the sentencing court grouped them together and calculated her sentence based only on the racketeering-conspiracy conviction. *See* U.S.S.G. §§ 3D1.2(b), 3D1.3(a). The court then properly calculated her advisory guidelines sentencing range: with a base offense level of 14, *see id.* §§ 2E1.2, 2G1.1, a 4-level adjustment for being an organizer or leader of criminal activity involving five or more persons, *see id.* § 3B1.1(a), and a 3-level reduction for acceptance of responsibility, *see id.* § 3E1.1, her adjusted offense level was 15; with a criminal history category of I, her guidelines range was 18 to 24 months, *see id.* Ch. 5, Pt. A.

Bang did not challenge the guidelines calculation. But at sentencing her attorney asked the court to "consider a variance downward," arguing that Bang was unaware that Osaka Spa was a prostitution ring when she purchased it, that she attempted to legitimize business there, and that she allowed the prostitution to continue only because of her difficult financial situation. Her attorney noted that Bang had no prior criminal history, felt deep remorse, and was training to become a therapist at a sleep apnea clinic.

Although the district judge described the guidelines' range as "advisory," he began his sentencing decision by echoing Bang's attorney's language: "I first have to consider whether I ought to grant a variance from the guideline range of 18 to 24 months, which is presumed to be reasonable." He then said that he had "looked at the statutory factors under [section] 3553(a)." The judge discussed the fact that Bang did not have a prior criminal record, expressed remorse, and had engaged in the criminal conduct only for a short time. He also discussed Bang's control over the illegal operation, the exploitation of the women who worked for her, and the need to deter Bang and others from committing the same crime in the future. The district judge concluded that "the guideline range is reasonable considering all of the factors that are set forth in [section] 3553(a)," and selected a sentence at the low end of the guidelines' range. The court imposed concurrent sentences of 18 months' imprisonment for each count, as well as three years' supervised release, a $100 fine, and a $200 special assessment.

On appeal, Bang argues that the district judge gave undue weight to the guidelines' range and did not adequately consider other sentencing factors, as § 3553(a) requires. Specifically, Bang argues that the court failed to consider

"mitigating factors," including her ignorance of Osaka Spa's true services when she bought it, her attempts to legitimize the business, the fact that she never forced her employees to engage in sex acts, and the fact that she did not turn a profit in the months she owned Osaka Spa. She also argues that the court ignored the disparity between her sentence and her co-conspirators' sentences.

Since this appeal was argued, the Supreme Court held in *United States v. Rita*, 127 S. Ct. 2456 (2007), that, although appellate courts may accord a presumption of reasonableness to guidelines sentences, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* at 2465; *United States v. Schmitt*, No. 06-2207, 2007 U.S. App. LEXIS 18662, at *10 (7th Cir. Aug. 7, 2007); *see United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006) (explaining that district court may not presume that guidelines sentence is correct). Rather, the sentencing court must subject the sentence to the "thorough adversarial testing contemplated by federal sentencing procedure." *Rita*, 127 S. Ct. at 2465. As we have recently explained, that procedure demands that the court "sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007). "If, however, a district court freely decides that the guidelines suggest a reasonable sentence, then on appellate review the defendant must explain why the district court was wrong." *Id.*

A fair reading of the district court's decision shows that, while the judge acknowledged our presumption of reasonableness, he sentenced Bang based on the § 3553(a) factors "without any thumb on the scale favoring a guideline sentence," *Sachsenmaier*, 491 F.3d at 685. Although the judge used loose language—he echoed Bang's attorney's discussion about whether to "grant a downward variance," and he said that the guidelines are "presumed to be reasonable"—we are unconvinced that it made a substantive difference in this case. *See United States v. Dale*, No. 06-3224, 2007 U.S. App. LEXIS 19582, at *15 n.6 (7th Cir. Aug. 17, 2007) (ignoring district court's reference to "departures" where court applied correct sentencing procedure); *cf. United States v. Griffin*, 493 F.3d 856, 868 (7th Cir. 2007) (vacating sentence and remanding where district court *actually applied* rebuttable presumption of reasonableness to guidelines range). The district judge acknowledged that the guidelines are advisory and explained that he chose a sentence within the guidelines' range because he thought it would best comport with the statutory sentencing factors—not because he thought a guidelines sentence was presumptively "correct," *Demaree*, 459 F.3d at 794-95. *Cf. Schmitt*, 2007 U.S. App. LEXIS 18662, at *11-12 (vacating sentence where judge's remarks indicated that he thought his discretion was constrained). Indeed, rather than indicating a "presumption" to sentence within the guidelines, the transcript shows that the district judge based the sentence on Bang's history and personal characteristics, *see* 18 U.S.C. § 3553(a)(1), the nature and circumstances of the offense, *see id.*, the need to provide just punishment for a serious offense, *see id.* § 3553(a)(2)(A), and the

need for the sentence to afford adequate deterrence to criminal conduct, *see id.* § 3553(a)(2)(B). The court acknowledged that Bang operated the spa for a "relatively short duration," that she had no prior criminal record, and that she expressed remorse. But the district judge explained that Bang "had to know as the owner that this was going on, and she could have shut it down right then and there, but she did not," despite knowing that the women who worked there were being exploited. Additionally, the district judge explained that, although he believed that Bang would not commit the crime again, a sentence of imprisonment would deter others. Based on these considerations, the court reasonably concluded that a sentence of 18 months' imprisonment was appropriate. And, as we have said repeatedly, we will not reweigh the statutory sentencing factors here. *See, e.g., United States v. Baker*, 445 F.3d 987, 991-92 (7th Cir. 2006); *United States v. Newsom*, 428 F.3d 685, 686-87 (7th Cir. 2005).

Bang's other argument—that the district court failed to consider the disparity between her and her co-conspirators' sentences*, see* 18 U.S.C. § 3553(a)(6)—has been squarely rejected by this court. *See United States v. Babul*, 476 F.3d 498, 501-02 (7th Cir. 2007); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). Section 3553(a)(6) is intended to reduce unjustified disparity in sentences across districts rather than among defendants in a particular case, and a within-guidelines sentence "cannot be treated as unreasonable" with respect to this sentencing factor. *Boscarino*, 437 F.3d at 638. In any event, the district court explained that Bang deserved her sentence because, as the owner, she had ultimate control over Osaka Spa and the power to cease the illegal activity. Thus, any disparity between the sentence imposed for her and for her co-conspirators would be justified.

AFFIRMED.