NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 30, 2008
Decided February 29, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 06-3516

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05-CR-430-1 |
| YURIANA PIZANA, *Defendant-Appellant.* | Blanche M. Manning, *Judge.* |

**O R D E R**

Yuriana Pizana challenges her sentence of 87 months' imprisonment for attempt to possess cocaine with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1). She argues that the district court presumed that a sentence within the guidelines range was the appropriate sentence. We affirm Pizana's sentence because a full and fair reading of the sentencing transcript shows that the district judge chose the sentence that she thought best comported with the statutory sentencing factors in 18 U.S.C. § 3553(a).

In April 2005 Pizana met in Fresno, California with an undercover city police officer, whom Pizana believed was a drug supplier, and offered on behalf of an unnamed individual to purchase a large number of kilograms of cocaine. Pizana says that she agreed to arrange the sale on behalf of this person because he had previously lent her money. The sale was confirmed the next day after the undercover officer agreed to Chicago as the location of the sale and after Pizana tasted and approved of a sample of the cocaine. The original unnamed purchaser

eventually backed out of the deal, but Pizana found a new buyer who agreed to buy 20 kilograms of the cocaine (some to be sold on credit) and to pay Pizana $1,000 for each kilogram.  In early May, Pizana and an undercover DEA agent—who purported to be the undercover police officer's associate—met in Chicago to complete that sale, and Pizana was arrested.  She ultimately pleaded guilty to attempt to possess cocaine with intent to distribute.  *See* 21 U.S.C. §§ 846, 841(a)(1).  The sentencing court calculated an advisory guidelines range of 87 to 108 months, which neither party challenged.

But at sentencing Pizana's attorney argued that, in light of the factors set forth in 18 U.S.C. § 3553(a), a sentence of time served (approximately 16 months) would be reasonable.  Defense counsel represented that Pizana was a minor player—in way over her head—who had not previously been involved in drug dealing.  As support for that representation, counsel emphasized that Pizana had no prior convictions or arrests.  Counsel explained that Pizana agreed to participate in this deal only because she needed money to take care of her son and mother.  He also asked for leniency so Pizana, a single mother, could continue to raise her son.  And finally, counsel purported that while the attempt here was completed, Pizana never had the funds to complete the purchase.

The district judge discussed defense counsel's points at length.  The judge began by noting that, examining the § 3553(a) factors as she "must," she didn't "think any of these factors or these issues that [defense counsel] or Ms. Pizana . . . have set out actually provide a compelling reason to go below the guideline range."  The judge sympathized with Pizana's desire to continue caring for her son in the future, but found that this failed to distinguish her from any other parent facing incarceration.  The judge also found credible Pizana's explanation that she committed this crime in order to support her family, but the judge reasoned that it is not appropriate to support one's family by engaging in illegal activity.  Thus, said the judge, Pizana's arguments "make light of the seriousness of the offense."  The judge explained that had all gone as planed, an "enormous" quantity of cocaine "would have quickly filtered into the streets of a major city."  And because it was always Pizana's intent to complete the transaction, the judge found it irrelevant to weighing the seriousness of the offense that Pizana might not, at the time she was caught, have had the funds to do so.  The judge lastly found Pizana's representation that she was a "real novice" to the drug trade undermined by her conduct during the offense, especially that she had tasted the cocaine and commented on its quality.  The judge concluded by saying, "I see no basis to depart downward, number one, because of *Booker* and, number two, because I think in light of what transpired here there is not—I have not been shown any factors that suggest there should be a departure."  She sentenced Pizana at the low end of the guidelines range to 87 months' imprisonment.

On appeal, Pizana argues that the district court erroneously presumed that a within-guidelines sentence was appropriate instead of fashioning a sentence with reference to the § 3553(a) factors.  In support, Pizana points to the district judge's statements that she did not "think any of [the issues or evidence Pizana presented] . . . provide a compelling reason to go below the guideline range" and similarly that the she had "not been shown any factors that suggest there should be a departure."  The government responds that a full reading of the

sentencing transcript belies the notion that the judge believed herself constrained in the manner Pizana suggests.

A district court may not apply a presumption that a sentence within the guidelines is appropriate. *Rita v. United States,* 127 S. Ct 2456, 2465 (2007). Only an appellate court may apply such a presumption. *Id.; United States v. Schmitt*, 495 F.3d 860, 864 (7th Cir. 2007). The guidelines range must be accurately calculated, and a district judge can derive "insight" from it. *United States v. Sachsenmaier,* 491 F.3d 680, 685 (7th Cir. 2007). But the judge must ultimately pronounce a sentence based on the factors in § 3553(a) without presuming that a within-guidelines sentence is favored. *See id.*; *United States v. Wachowiak,* 496 F.3d 744, 749 (7th Cir. 2007).

A full and fair reading of the sentencing transcript shows that the district judge chose a within-guidelines sentence because she thought that, in this case, it best comported with the statutory sentencing factors—not because she thought all guidelines sentence were presumptively correct. The judge discussed each of the personal characteristics, *see* 18 U.S.C. § 3553(a)(1), that Pizana pointed to—her financial distress and her desire to care for her son—but found that neither outweighed the seriousness of the offense, *see id.* § 3553(a)(2)(A). Nor was the offense any less serious than Pizana's guidelines range contemplated, the judge reasoned, simply because Pizana might not have had the funds to complete the transaction once it was arranged; her intent was to purchase the cocaine for eventual distribution. The district court was also not unreceptive to Pizana's *reasoning* that she should receive a below-guidelines sentence because, as a first time drug buyer, she was outside of the heartland of offenders contemplated by the guidelines for an offense involving such a large quantity of drugs. Instead, the judge simply did not believe that Pizana was a true novice to the trade. Based on all of these considerations, the district court concluded that a sentence at the low end of the guidelines range was appropriate.

Furthermore, we are not convinced that the comments that Pizana hones in upon even by themselves indicate that the judge might have ignored the dictates of *Rita.* The judge's reference to a "departure" is easily disposed of. We have explained that we will ignore references like it unless there is evidence that the judge treated the guidelines as mandatory. *See United States v. Dale*, 498 F.3d 604, 611 n.6 (7th Cir. 2007); *United States v. Rosby*, 454 F.3d 670, 676-77 (7th Cir. 2006). Pizana does not contend that to be the case here. In fact, the judge informed defense counsel that "departures" were obsolete when counsel himself used the term. As to the judge's comment that she had not been given a "compelling reason" to go below the guidelines, this court has explained that it would be "unobjectionable" if a judge "said only that, in light of the discretion he now possesses under *Booker* and *Rita,* he was electing to impose a guideline sentence *in this particular case* unless the defendant could persuade him otherwise." *Schmitt,* 495 F.3d at 865 (emphasis added). The district judge's comment does not suggest that she approached this case any differently. She never, for example, referred to a "presumption" of reasonableness that applies to *any and all* guidelines sentences. *Cf. United States v. Griffin,* 493 F.3d 856, 868 (7th Cir. 2007) (vacating defendant's sentence where judge stated that "the burden's on the defendant to overcome the rebuttable presumption that a guideline sentence is

appropriate"); *Schmitt,* 495 F.3d at 864-65 (vacating defendant's sentence where judge stated that "there is a growing attitude, particularly in the Court of Appeals, . . . that sentences within the guidelines are presumptively correct").

For the foregoing reasons, we AFFIRM Pizana's sentence.