WILLIAMS, Circuit Judge,
dissenting.
Because I would remand this case for resentencing, I respectfully dissent. After the sentencing hearing in this case, the Supreme Court made clear in Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007), that the presumption of reasonableness applies only on appellate review. And post-Rita, we have consistently remanded for resen-tencing when we were concerned that the district court presumed a within-guidelines sentence to be reasonable or placed too much weight on the guidelines. See United States v. Griffin, 493 F.3d 856, 868 (7th Cir.2007); United States v. Ross, 501 F.3d 851, 854 (7th Cir.2007); United States v. Schmitt, 495 F.3d 860, 865 (7th Cir.2007); cf. United States v. Mendoza, 510 F.3d 749, 754-55 (7th Cir.2007). Following those cases, I would do the same here.
As the majority recounts, the district court stated at the sentencing hearing:
As indicated, the Court has to consider the sentencing guidelines. It has done so. The sentencing guidelines are considered, if the Court sentences within the range, presumptively reasonable. The Court has found no reason to disagree with the range established by the sentencing guidelines.
(Emphasis added.)
Viewed in context, I don’t take the statement in this case that the guidelines “are considered” presumptively reasonable to be a comment on the appellate standard of review. The district court had just stated that it had to consider the guidelines and that it had done so, and it then stated after the “presumptively reasonable” statement that it found no reason to disagree with the guidelines range. I don’t think there is any reason to believe that the district court, out of the blue, would suddenly interject a comment about the appellate standard of review in the middle of its own analysis of Smith’s case. Moreover, the district court indicated at other points in the hearing that the role of the district court was to craft a “reasonable” sentence, further suggesting to me that when it spoke of the presumption of reasonableness, it was referring to a district court-level presumption. See Sent. Tr. at 3, 14 (“And keeping in mind that any sentence that the Court renders has to be reasonable ... ”; “And in looking at the characteristics here, and the factors, here, the Court can go up above the guidelines or below the guidelines now, as long as its sentence is reasonable.... ”).
Because we now know that the district court could not apply a presumption of reasonableness to a guidelines-range sentence post-Boolcer, to me, it makes the most sense to ask the district court what it would do absent the erroneous presumption. There is little cost to doing so — the judge could still apply the same factors and arrive at the same sentence, which we all agree is a reasonable one. But there is a definite gain to a remand: we would ensure that Smith received a proper sentence under the correct law.
Moreover, although the district court surely knew that the guidelines range was advisory given that the sentencing occurred more than two years after Booker, that does not imply that it did not apply a presumption of reasonableness to those guidelines. After all, the sentencing hearing took place before the Supreme Court’s definitive pronouncement in Rita, and our cases had not been entirely clear on the issue. See United States v. Wachowiak, 496 F.3d 744, 749 n. 3 (7th Cir.2007) (“To the extent some of our cases have suggested that the appellate presumption of reasonableness for within-guidelines sentences also applies as a ‘benchmark’ or ‘presumption’ in the district court, United States v. Hankton, 463 F.3d 626, 629 (7th Cir.2006); United States v. Wurzinger, 467 *456 F.3d 649, 650-51 (7th Cir.2006), that suggestion has been displaced by Rita.”). But that lack of clarity in our own case law is just one more reason why, it seems to me, we cannot be sure that the district court sentenced Smith without applying a presumption that a guidelines sentence was reasonable.
And if the district court did apply a presumption of reasonableness, the presumption only ran in Smith’s favor if the district court would have independently determined that a range of 21 to 27 months was appropriate in this case. We do not know whether that was the case here, and the only way for us to find out is to remand. Of course there is a danger that upon remand Smith might receive a sentence higher than the one she initially received, but that is a risk her counsel assured us that she is knowingly and willingly accepting. I think the proper course is to remand this case to the district court.