NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 3, 2009
Decided March 4, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-2789

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> MIGUEL MATA, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 08 CR 4 <br><br> Rudolph T. Randa, <br> *Chief Judge.* |

**O R D E R**

Miguel Mata, a Mexican citizen, pleaded guilty to illegally reentering the United States after previously being removed for committing an aggravated felony. The district court sentenced him to 46 months' imprisonment, the low end of the guidelines range. Mata seeks a remand for resentencing, arguing that the district court impermissibly presumed that a within-guidelines sentence was reasonable. Because the sentencing transcript reveals that the district court judge chose a sentence he believed was appropriate in light of the 18 U.S.C. § 3553(a) factors and did not place undue weight on the guidelines, we affirm.

Mata was removed from the United States in August 2006 following a drug-trafficking conviction. But he returned, and when a drunk-driving arrest in December 2007 brought him to the attention of the immigration authorities, he pleaded guilty to illegal reentry. *See* 8 U.S.C. § 1326(a), (b)(2). The probation officer calculated an adjusted offense level of 21 which, combined with Mata's criminal history category of III, yielded an imprisonment range of 46 to 57 months.

At sentencing the government recommended a sentence at the low end of the guidelines range, while Mata requested a sentence of 24 months. Mata argued that he deserved a below-guidelines sentence because he had returned to the United States only to help his wife, a U.S. citizen who suffers from kidney disease, care for their four children, who are also U.S. citizens. He also argued that his criminal history category was overstated, and asked the court to consider the effect his deportable status would have on his prison sentence, specifically that he would be classified at a higher security level and would be ineligible to complete his sentence at a halfway house. Finally, Mata argued that his stable employment history counseled in favor of a below-guidelines sentence.

After noting that a district court "isn't bound by the Sentencing Guidelines anymore, obviously," the court addressed the 18 U.S.C. § 3553(a) sentencing factors. With respect to the nature and circumstances of the offense, the court noted that Mata had returned to the United States within just 16 months of being removed, and had been caught driving with a blood alcohol level of 0.18. The court also considered the serious nature of Mata's drug-trafficking conviction, which involved "drug scales, cash, and weapons." Finally, the court acknowledged Mata's positive characteristics, including his employment history and close familial ties. After weighing the various factors, the court concluded, "the range established by the guidelines is not one which is overcome by the Court's just conducted analysis. In fact, it is supported by it. So the court is going to impose a sentence of 46 months."

Mata's sole argument on appeal is that the district court impermissibly presumed that a within-guidelines sentence would be reasonable. His argument rests exclusively on the district judge's statement that "the range established by the guidelines is not one which is overcome by" the § 3553(a) factors. Mata contends that this comment demonstrates that the district court imposed a burden on him to rebut the presumptive reasonableness of a guidelines sentence and found that he had not met the burden.

Whether the district court followed proper sentencing procedure is a question of law we review de novo. *United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007). Although an appellate court may presume that a within-guidelines sentence is reasonable, a district court may not. *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); *United States v. Rollins*, 544 F.3d 820, 839 (7th Cir. 2008). Instead, the district court must "calculate the advisory sentencing

guideline range accurately, so that [it] can derive whatever insight the guidelines have to offer," but, ultimately, craft a sentence based on 18 U.S.C. § 3553(a), "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

We have remanded numerous cases for resentencing when the district judge's comments suggested that a within-guidelines sentence is presumptively reasonable. *See, e.g., United States v. Schmitt*, 495 F.3d 860, 864-66 (7th Cir. 2007) (vacating sentence where district judge opined that "'there is a growing attitude . . . that sentences within the guidelines are presumptively correct'" and that judges could not depart from the guidelines without "'very, very cogent reasons'"); *United States v. Griffin*, 493 F.3d 856, 868 (7th Cir. 2007) (vacating sentence where district judge stated that defendant had the burden "'to overcome the rebuttable presumption that a guideline sentence is appropriate'"). In contrast, however, we have noted that it would be "unobjectionable" for a district judge to say that "in light of the discretion he now possesses under *Booker* and *Rita*, he was electing to impose a guideline sentence *in this particular case* unless the defendant could persuade him otherwise." *Schmitt*, 495 F.3d at 865 (emphasis added); *see also United States v. King*, 541 F.3d 1143, 1145 (5th Cir. 2008) (noting that statements by a district court that "there is no reason not to apply a Guidelines sentence" are permissible).

Here, the district court never indicated that it presumed the guidelines were reasonable or believed it was otherwise constrained to follow them. The court noted that it was no longer bound by the guidelines, and explained that it would:

> proceed in the usual fashion, taking into account the guidelines that are established by the facts in the presentence report, and then look at the factors under 18 United States Code Section 3553, which directs the Court to impose a sentence not more than necessary to achieve the objectives of that section . . .
> .

After hearing arguments from Mata and the government, the court addressed the nature and circumstances of the offense, *see* 18 U.S.C. § 3553(a)(1), noting that although Mata's crime was not "extremely serious," he had committed it within 16 months of being removed for a drug-trafficking conviction, and had been caught because he was driving while heavily intoxicated. The court considered the personal characteristics that Mata had pointed to, including his work history and familial ties, but also considered the seriousness of his previous drug offense. The court then weighed all these factors against the goals of sentencing, *see* 18 U.S.C. § 3553(a)(2), and decided to impose a within-guidelines sentence. The single comment that Mata highlights—that "the range established by the guidelines is not one which is overcome by the Court's [§ 3553] analysis"—does not indicate

that the district court presumed all guidelines sentences to be reasonable.  Instead, it reflects the judge's awareness that he had discretion to sentence outside the guidelines but chose not to because his analysis of the § 3553(a) factors persuaded him that a guidelines sentence was appropriate for Mata.  This approach is "unobjectionable."  *See Schmitt*, 495 F.3d at 865.

AFFIRMED.