**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 15, 2009
Decided November 17, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-1233

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:08-cr-00413-1 |
| ABRAM PEREZ, | |
| *Defendant-Appellant*. | Robert M. Dow, Jr., *Judge*. |

**O R D E R**

Abram Perez pleaded guilty to one count of distributing cocaine. *See* 21 U.S.C. § 841(a)(1). The district court sentenced him to 151 months' imprisonment. Mr. Perez challenges the sentence as unreasonable. We affirm the judgment of the district court.

As part of an ongoing investigation of the Latin Kings street gang's operations in Carpentersville, Illinois, a cooperating witness working for the FBI purchased cocaine from Mr. Perez on six occasions between June 26, 2007, and November 12, 2007. In June 2008, a grand jury charged Mr. Perez with six counts of knowing and intentional distribution of cocaine, *see* 21 U.S.C. § 841(a)(1), one count for each sale to the cooperating witness. Mr. Perez pleaded guilty to the sixth count of the indictment, relating to the cocaine he sold on November 12, 2007. He acknowledged in the plea agreement that the allegations in the first five counts were relevant conduct for sentencing under U.S.S.G. § 1B1.3.

The district court found at sentencing that Mr. Perez was a career offender because he was over 18 when he committed this offense and had prior convictions for crimes of violence. *See* U.S.S.G. § 4B1.1. The court adopted the calculations of the presentence investigation report, which determined that Mr. Perez's offense level was 29 and his criminal-history category was VI, yielding an advisory guidelines range of 151 to 188 months' imprisonment. Mr. Perez asked the court to impose a sentence below the guidelines range. Although he did not dispute his status as a career offender, he noted that the guidelines range for his offense would be 33 to 41 months if he were not a career offender and argued that imposing a sentence in the range of 151 to 188 months would not promote respect for the law. He told the court that he entered gang life after growing up without a role model or friends, that he had severed his relationship with the Latin Kings and that he had even had several of his gang-related tattoos removed. He also cited his desire to be a presence in his new daughter's life, his rejuvenated relationship with his father and his plan to use his time in prison to gain an education and come out with a profession. The court, however, sentenced him to the bottom of the advisory range, noting his status as a career offender, his convictions for crimes of violence, the seriousness of his offense, the need to promote respect for the law and the need to deter him and to protect the public.

Mr. Perez challenges his sentence on appeal, arguing that the district court erred both procedurally and substantively. He concedes that the court properly calculated his offense level and criminal-history category. He contends, however, that the court procedurally erred by relying exclusively on the guidelines and by not considering, or by giving "short shrift" to, the 18 U.S.C. § 3553(a) factors. He also argues that the court committed substantive error by imposing a sentence that is longer than necessary to meet the goals of 18 U.S.C. § 3553(a)(2) and, therefore, that his sentence is unreasonable.

When evaluating a challenge to a sentence under the guidelines, this court's task is twofold. We "must first ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Scott*, 555 F.3d 605, 608 (7th Cir. 2009). Our procedural review is de novo. *United States v. Hurt*, 574 F.3d 439, 442 (7th Cir. 2009). If the district court's decision was procedurally sound, we then consider whether the sentence was substantively reasonable, reviewing it for an abuse of discretion. *Scott*, 555 F.3d at 608; *Hurt*, 574 F.3d at 442.

In arguing that the district court committed procedural error by presuming that his guidelines sentence was correct, Mr. Perez likens his case to *United States v. Schmitt*, 495 F.3d 860 (7th Cir. 2007). In *Schmitt*, the district court remarked at sentencing that within-guidelines sentences were presumptively correct and that, in its view, a district judge

"better [have] very, very cogent reasons" for imposing a sentence outside the guidelines. *Id*. at 864-65. We vacated the sentence, explaining that the judge felt constrained in his discretion and "placed undue weight on the guideline range in choosing the ultimate sentence." *Id*.

But *Schmitt* is distinct from Mr. Perez's case. The district court here did not presume that a sentence within the guidelines range was reasonable or correct. The court acknowledged that the guidelines were only advisory, not mandatory, and had to be considered along with the factors listed in 18 U.S.C. § 3553(a). The court did note that the guidelines and career-offender provisions reflect "the view of our elected representatives and our Sentencing Commission on the range of just punishment for this offense" and that it had to "give some respect to that and take into consideration that those are the views of our elected representatives and our expert Sentencing Commission." Sent. Tr. 48-49. But it also pointed out that the court was "certainly allowed to depart from that." *Id*. at 48. Nothing suggests that the court deemed the message from Congress and the Sentencing Commission so clear and strong that the guidelines range effectively tied its hands. *See United States v. Rollins*, 544 F.3d 820, 839-40 (7th Cir. 2008).

Mr. Perez also argues that the district court committed procedural error by misapplying or failing to consider all of the § 3553(a) factors. Among other factors, § 3553(a) requires a sentencing court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, adequately deter criminal conduct and protect the public from further crimes by the defendant. 18 U.S.C. § 3553(a)(1)-(2).

Mr. Perez contends the district court failed to consider several relevant aspects of his history and characteristics, either rejecting them without consideration, dismissing them without considering them in their entirety or failing to explain how he considered them in his analysis under 18 U.S.C. § 3553(a). Specifically, Mr. Perez argues that the court gave short shrift to the absence of a positive role model in his life as a child, the beneficial effect of this arrest on his life and his subsequent severing of all ties to the Latin Kings, his new relationship with his father, the new perspective he gained after the birth of his daughter, his age, his educational and career potential (which he demonstrated when he earned his GED) and his acceptance of responsibility and demonstration of remorse for this crime. Mr. Perez also argues that the district court gave too much weight to the fact that this case involved drugs when, in fact, it concerned only a small amount of drugs—something he contends the court should have noted when determining whether the sentence would reflect the seriousness of the offense, promote respect for the law and provide just punishment. He also argues that the court improperly emphasized his criminal history, which had already

been accounted for in calculating the guidelines range.

Although a sentencing court must explain its reasons for rejecting non-frivolous arguments for leniency, a short explanation suffices when context and the record make the court's reasoning clear. *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008). The court need not apply the § 3553(a) factors systematically or go through them as if they were a checklist. *United States v. Alden*, 527 F.3d 653, 662 (7th Cir. 2008). It need not mention all of the § 3553(a) factors; there are no "magic words" it must recite at sentencing. *United States v. Woods*, 556 F.3d 616, 623 (7th Cir. 2009). The court must only show it has given meaningful consideration of the § 3553(a) factors. *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008). It can meet the statute's requirements "by simply giving an adequate statement of reasons, consistent with § 3553(a), for believing the sentence it selects is appropriate." *Alden*, 527 F.3d at 662. If it does, and the sentence is within the guidelines range, we presume the sentence is reasonable. *Id*.

In this case, the district court explicitly mentioned almost all of the aspects of Mr. Perez's history and characteristics that he contends it disregarded or downplayed. In examining his history and characteristics, the court first considered aggravating factors from Mr. Perez's life: his status as a career offender and his convictions for crimes of violence. Then the court considered the mitigating factors. The court mentioned Mr. Perez's new relationship with his father—noting that the father had been out of Mr. Perez's life for a long time—and mentioned his desire to have a relationship with his new child. The court also noted that Mr. Perez had professed to ending his involvement with the Latin Kings and that he appeared to have removed some of his gang tattoos. The court considered his statement that he wanted to purge himself of his old life, noted that he was capable of working toward positive goals when he applied himself—citing his GED—and observed that he wanted further education and drug and alcohol treatment. The court stated later in the hearing that it had taken account of Mr. Perez's age and his potential, pointing out that he could get out of prison in his late 30s or 40s, before his daughter finished junior high school.

The district court did not specifically address the amount of drugs involved, something Mr. Perez contends it should have done when deciding whether the sentence would reflect the seriousness of the offense, promote respect for the law and provide just punishment, as required by § 3553(a)(2). But the court addressed these latter considerations. The court noted that Mr. Perez himself admitted that this was "a very serious crime." Sent. Tr. 46. It pointed out that the conduct involved firearms and that this was not an isolated incident; Mr. Perez sold drugs to the FBI's cooperating witness six times, and did so while on parole. The court also called drugs a "scourge" upon society, remarking that their sale was not a victimless crime. *Id*.

The district court also took account of Mr. Perez's criminal history when considering whether the sentence would promote respect for the law. The court noted that his prior convictions and prison terms had not given him more respect for the law, as shown by his repeating pattern of "charge, conviction, incarceration." Sent. Tr. 47. Nor, the court found, had Mr. Perez taken the opportunity, after prior prison terms, to "come clean" and demonstrate "any respect for the law." *Id*. at 48. That he committed offenses while on probation, in the court's view, "diminishes any sense that the prior punishment that you have received has promoted respect for the law, that you have learned your lesson, that you have chosen a lawful path." *Id*.

The court did not address Mr. Perez's acceptance of responsibility and demonstration of remorse, but those were merely "stock arguments that sentencing courts see routinely," and that a court "is certainly free to reject without discussion." *Tahzib*, 513 F.3d at 695 (categorizing the extent to which the appellant accepted responsibility as a stock argument). Although the court did not expressly discuss the amount of drugs involved or the increase in Mr. Perez's offense level due to his status as a career offender—both of which Mr. Perez argued called for a more lenient sentence—the court took those factors and his acceptance of responsibility into account when calculating the guidelines range before deciding that a sentence within the range was appropriate. The court gave meaningful consideration to the § 3553(a) factors, and it gave an adequate statement of reasons for its belief that 151 months was an appropriate sentence. That is all the sentencing statute required it to do. Nor can Mr. Perez successfully argue that the court gave too much weight to his criminal history or to the fact that this case involved drugs. A district court may assign varying weights to sentencing factors as it sees fit in the context of a particular case. *United States v. Busara*, 551 F.3d 669, 674 (7th Cir. 2008) ("'The statute does not weight the factors. That is left to the sentencing judge, within the bounds of reason, which are wide.'" (quoting *United States v. Johnson*, 471 F.3d 764, 766 (7th Cir. 2006))).

Finally, Mr. Perez argues that his sentence is substantively unreasonable. He contends that a sentence of less than 151 months would be sufficient to serve the purposes of sentencing outlined in 18 U.S.C. § 3553(a)(2), whereas a guidelines-range sentence is greater than necessary to serve those purposes. He also argues that the district court did not explain how the sentence could be proper in light of the Department of Justice statistics he cited, showing that recidivism rates decrease with age and that longer sentences do not provide a greater deterrent to repeat criminal activity.

When reviewing a sentence, we presume a sentence within the guidelines range is reasonable. *United States v. Johnson*, 534 F.3d 690, 696 (7th Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338 (2007)). To rebut that presumption, an appellant must show that the sentence is unreasonable when measured against the factors listed in § 3553(a). *Id*.

Mr. Perez offers little to support his argument that the sentence is longer than necessary, except to argue again that the district court impermissibly presumed a sentence within the guidelines range was reasonable.  That did not occur, as explained above. Although the court did not directly address the recidivism statistics he cited, it did consider Mr. Perez's age and noted that he would be in his late 30s or early 40s at the end of his sentence.  The court also considered his previous convictions, both in the context of imposing a sentence that promoted respect for the law and in the context of protecting the public from further crimes.  We are confident that the district court fulfilled its responsibility, in accord with § 3553(a), to conduct an individualized assessment, *see Gall*, 552 U.S. at 50; *United States v. Knox*, 573 F.3d 441, 446 (7th Cir. 2009); *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008), and that, in this case, that individualized assessment took appropriate account of the factors Mr. Perez now presses to this court. Therefore, Mr. Perez has not shown that his sentence was substantively unreasonable.

Accordingly, we affirm the judgment of the district court.

AFFIRMED