**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2022
Decided May 17, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2329

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 20-20011-01 |
| COURTNEY WILLIAMS, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Courtney Williams pleaded guilty on three counts, each based on his having lured, drugged, and raped a 13-year-old child: enticement of a minor, 18 U.S.C. § 2422(b), attempted sexual exploitation of a child, § 2251(a), (e), and sex trafficking of a child, § 1591(a)(1), (b)(1), (b)(2), (c). His appellate counsel—a different attorney from the one who appeared at sentencing—asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that we would expect to see in this sort of an appeal. Because counsel's analysis appears thorough, and Williams has not

responded to the motion, *see* C<small>IR</small>. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Williams pleaded guilty on each count, without any plea agreement, based on the evidence that he used social media to lure, drug, and rape a 13-year-old girl. When the sentencing hearing began, Williams moved to continue the hearing because his attorney wanted the opportunity to respond in writing to the government's sentencing memorandum, filed just a few days prior. But after the government offered to withdraw its memorandum, Williams's attorney agreed to move forward with the hearing. The court confirmed that Williams did not object to the presentence investigation report or its guidelines-range calculation. After considering the lawyers' arguments, the victim's statement, and Williams's arguments in mitigation, the court sentenced Williams to concurrent terms of 324 months' imprisonment and 10 years' supervised release on each count, the bottom of the guidelines range of 324 to 405 months (counts 1 and 3) and 324 to 360 months (count 2). (Williams said he had no objection to any condition of his supervised release.)

Counsel confirms that Williams does not want to challenge his guilty plea and rightly does not discuss any such potential challenge. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002); *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel tells us that Williams wishes to challenge the district court's denial of his motion to continue his sentencing hearing to a later date, but we agree with counsel that Williams waived that argument. When the government offered to withdraw its sentencing memorandum and present its recommendations orally, Williams's counsel conceded, "if the Court wishes not to consider [the written memorandum], that is sufficient," effectively withdrawing the motion to continue. The court then offered to put the written memorandum "off to the side," and Williams's counsel confirmed his consent to move forward, saying: "[t]hat's fine, your Honor … that is sufficient." Williams thus intentionally relinquished his right to have us review the district court's decision to proceed with the sentencing hearing. *See United States v. Locke*, 759 F.3d 760, 763 (7th Cir. 2014).

Next, counsel concludes that Williams could not mount a plausible challenge to the length of his sentence, and we agree. We would consider whether Williams's within-guidelines sentence, which we presume is reasonable, *United States v. Ambriz-Villa*, 28 F.4th 786, 791 (7th Cir. 2022), is nonetheless unreasonable. *See United States v. Jarigese*, 999 F.3d 464, 473 (7th Cir. 2021). Williams argued to the district court that a

within-guidelines sentence would create sentencing disparities because his conduct, if charged as a state crime, would have been subject to a 15-year statutory maximum. Even if that were true (a matter we need not decide), it would be immaterial: the goal of 18 U.S.C. § 3553(a)(6) is to avoid unwarranted sentencing disparities among *federal* defendants. *United States v. Schmitt*, 495 F.3d 860, 863–64 (7th Cir. 2007). Because Williams received a within-guidelines federal sentence, and nothing in the record suggests that he was sentenced differently from similar federal defendants, he could not rebut the presumption that his sentence is reasonable. *United States v. Sanchez*, 989 F.3d 523, 541 (7th Cir. 2021).

Finally, counsel considers whether Williams could argue that he received ineffective assistance of counsel from his defense attorney. But counsel rightly explains that such a claim is better brought under 28 U.S.C. § 2255, where Williams can develop a more complete record. *See United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.